```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEBRASKA

U.S. APRONS, Inc., A Nebraska  )
Corporation,                   )
                               )
            Plaintiff,         )         7:08CV5003
                               )
      v.                       )
                               )
R-FIVE, Inc.,                  )         MEMORANDUM AND ORDER
                               )
            Defendant.         )
                               )
```

On December 12, 2008, the plaintiff filed a motion to compel responses to the discovery it served on October 6, 2008. Filing No. 33. The defendant requested and was granted additional time to serve its responses. With this extension, the new deadline for responding to plaintiff's discovery was November 17, 2008. Filing No. 34-4.[1]

The defendant had difficulty compiling the documents and other information requested by the plaintiff, and plaintiff's counsel was informed of this. Filing No. 38-2, ¶ 4. However, as of December 2, 2008, the plaintiff had still not received defendant's discovery responses, and apparently the defendant had not been granted additional time to respond. Plaintiff's counsel contacted the office of defense counsel and was told the responses would be ready and served by the end of that week (December 5, 2008). A followup letter was sent on December 3, 2008 confirming the plaintiff's understanding of when the responses would be received and informing defense counsel that

---

[1] The plaintiff, likewise, was granted additional time to respond to defendant's discovery. Filing No. 38-3. There is no evidence that the plaintiff failed to meet this extended discovery deadline.

the failure to serve the responses by the end of that week would result in a motion to compel.  Filing No. 34-5.

As of December 10, 2008, the defendant had still not responded to the plaintiff's discovery, prompting plaintiff's counsel to send another letter.  This letter demanded defendant's discovery responses by December 12, 2008, in the absence of which a motion to compel would be filed.  Filing No. 34-6.  Defense counsel contacted plaintiff's counsel on December 12, 2008, explained that his schedule had not afforded him time to finalize the discovery responses, and asked for additional time to respond.  Plaintiff's counsel did not agree to this request for more time.  Filing No. 38-2, ¶¶ 4-5.  The plaintiff filed the pending motion to compel.

The defendant emailed its discovery responses to plaintiff's counsel on December 29, 2008.  Filing No. 38-2, ¶ 6.  Defense counsel states the parties are preparing to depose witnesses during January 2009, and since no depositions have occurred to date, the plaintiff has not been prejudiced by the defendant's delay.  Filing No. 38-2, ¶ 7.

The defendant requests that plaintiff's motion to compel be deemed moot because the discovery responses were provided to the plaintiff.  The defendant further asks that plaintiff's request for attorneys' fees and costs be denied.  The plaintiff filed no reply to this argument.

To the extent plaintiff's motion seeks an order requiring the defendant to respond to plaintiff's discovery requests, the motion is moot.  However, the request for attorney fees and costs is not moot.

Pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure:

> [I]f the disclosure or requested discovery is provided after the motion [to compel] was filed--the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A)(emphasis added).  However, attorney fees and costs shall not be awarded if:  1) the moving party failed to attempt in good faith to obtain the discovery without filing a motion, 2) the opposing party's failure to timely respond was substantially justified, or 3) other circumstances make an award of expenses unjust.

The record establishes the plaintiff's good faith attempts to resolve this discovery dispute without court intervention. The record does not, however, show any substantial justification for defendant's failure to respond until December 29, 2008, forty-two days after the extended deadline granted by the plaintiff.  Defense counsel has offered only conclusory statements indicating that he lacked sufficient time to prepare the discovery responses.  It appears from the record that, with the exception of December 12, 2008, every contact made to resolve this discovery gridlock was initiated by the plaintiff, not the defendant.  The defendant contacted plaintiff's counsel on December 12 asking for what was, in essence, a fourth extension of the deadline.  The plaintiff was not unreasonable in denying this request and instead seeking court assistance.  Even then, the defendant did not provide its discovery responses for more than two weeks.

The defendant's failure to respond to plaintiff's discovery requests before the filing of a motion to compel was not substantially justified.

IT THEREFORE HEREBY IS ORDERED: The plaintiff's motion to compel, (filing no. 33), is granted in part and denied in part as follows:

1. To the extent the motion to compel seeks an order requiring the defendant to respond to plaintiff's discovery requests served on October 6, 2008, the motion is denied as moot.

2. To the extent the motion to compel seeks an award of plaintiff's attorneys fees and costs expended in filing the motion to compel, the motion is granted, and

    a. Within 10 days of the date of this order, counsel for the plaintiff shall provide to defense counsel an itemized statement of the fees and expenses related to bringing this motion.

    b. The parties shall attempt in good faith to reach an agreement regarding the amount to be awarded by the court under Rule 37(a).  If an agreement is reached, a joint stipulation shall be filed with the court setting forth the terms of that agreement.  If no agreement can be reached, counsel for the plaintiff shall submit plaintiff's application for fees to this court within 15 days of this order for the court's resolution of this issue.  Any response by the defendant shall be filed within 15 days thereafter.  No reply shall be filed absent leave of the court for good cause shown.  In the event either side desires a hearing on this question, request shall be made in the application or response, as applicable.

    c. The clerk shall make any award of attorneys fees and expenses herein a part of any judgment eventually entered in this case unless the parties file a statement with the clerk advising that the award of fees and expenses was paid prior to

>     judgment, together with documentation of such payment.

DATED this 14th day of January, 2009.

>     BY THE COURT:
>
>     s/ David L. Piester
>     David L. Piester
>     United States Magistrate Judge

5