```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

U.S. APRONS, INC., A Nebraska  )
Corporation,                   )
                               )
            Plaintiff,         )           7:08CV5003
                               )
       v.                      )
                               )
R-FIVE, INC.,                  )         MEMORANDUM AND ORDER
d/b/a Z-TEX, INC.,             )
an Illinois corporation,       )
                               )
            Defendant.         )
                               )
```

Before me is the plaintiff's motion for fees and expenses incurred in filing a motion to compel and the application itself. Plaintiff requests an award of $783.00 in connection with filing the motion to compel, and $568.75 in connection with filing the application for fees. Filing nos. 43-44. Defendant has responded to the application by arguing that the requested amounts are excessive, suggesting that the court award a total of not more than $417.50.

Background

This dispute arose from the defendant's failure to respond to plaintiff's interrogatories and requests for production. A motion to compel responses was filed, filing no. 33, after which responses to the discovery were served. Filing no. 36. The motion was granted in part, awarding attorneys fees and expenses. Filing no. 39. The order awarding fees stated:

> a. Within 10 days of the date of this order, counsel for
>    the plaintiff shall provide to defense counsel an

> itemized statement of the fees and expenses related to bringing this motion.
>
> b. The parties shall attempt in good faith to reach an agreement regarding the amount to be awarded by the court under Rule 37(a). If an agreement is reached, a joint stipulation shall be filed with the court setting forth the terms of that agreement. If no agreement can be reached, counsel for the plaintiff shall submit plaintiff's application for fees to this court within 15 days of this order for the court's resolution of this issue. Any response by the defendant shall be filed within 15 days thereafter. No reply shall be filed absent leave of the court for good cause shown. In the event either side desires a hearing on this question, request shall be made in the application or response, as applicable.

Plaintiff's application for fees was filed in accordance with the order. Filing no. 43. In it, plaintiff made statements that could be taken as an assertion that defendant's counsel had not "attempt[ed] in good faith to reach an agreement regarding the amount to be awarded by the court under Rule 37(a)," in that defense counsel had not responded to plaintiff's counsel's letter and email correspondence concerning the fees question.

In view of the statements in the plaintiff's application, the court entered a further directive in the matter on February 3, 2009. Filing no. 47. It required that the defendant's response to the application for fees be filed by February 16, 2009 and address the subjects of whether defense counsel had violated the court's order (filing no. 39) requiring him to confer in good faith with plaintiff's counsel regarding the amount of fees to be awarded on the motion to compel, and also, "whether, and to what extent, the plaintiff should be awarded attorney fees and costs arising from defense counsel's failure to engage in good-faith discussions concerning plaintiff's fee application in violation of the court's order."

Defendant's counsel filed a response on February 5, 2009. Filing nos. 48-49. Counsel's arguments may be summarized as follows: (1) The amount of time spent on the motion to compel was excessive, resulting in an excessive claim for fees; (2) Counsel's assistant misinformed counsel of the deadline to respond to the court's order, he mistakenly thought the deadline was February 5, 2009 instead of January 29, he was occupied with other matters in the interim, and was surprised when he received plaintiff's application for fees; (3) Even though he did not confer with plaintiff's counsel prior to the filing of the application for fees, it would have been futile to do so, as demonstrated by subsequent conversations; and (4) The application was unwarranted, counsel did not "intentionally or knowingly violate" the order, and tried to comply "but has been unable to do so." Filing no. 48.

## Discussion

First, regarding the fees requested in connection with the motion to compel, defendant has requested a total of $783.00, representing a total 6.8 hours work by three different attorneys. I agree with defendant that the number of hours is excessive, but only slightly so. Rule 37(a)(5) provides that the court "must" in these circumstances award "the movant's reasonable expenses incurred in making the motion, including attorneys fees," unless certain exceptions apply. Since the conferences required by Rule 37(a)(1) and NECivR 7.1(i) are prerequisites to the filing of a motion to compel discovery, the expense in meeting those requirements is part of "making the motion." I therefore shall include such time in the calculations. I find the 1.75 hours by "LA" to be duplicative with the 2.5 hours charged by "MDS" which includes the drafting of the motion to compel, and I find

excessive the time beyond .5 hour for an interoffice conference with "RKO." There is no challenge to the hourly rates charged by the respective attorneys, and I find them reasonable. Reducing the time permitted in accordance with the above yields a total award of $600.00 for the motion to compel.

Second, the plaintiff requests an award of $568.75 in connection with the preparation and filing of the application for fees. Although I directed defendant's counsel to address whether counsel had failed to comply with the order and if so, whether fees should be awarded for such failure, the defendant's response addresses only the former. I address both subjects in turn.

Defendant's counsel did fail to comply with the order. There was no good-faith conferring between counsel in the time permitted by the court's order. Complying with the order after the fee application had already been filed is, like providing the discovery after the motion to compel had been filed, too late. I do not doubt the veracity of the defendant's affidavits of counsel and his assistant to the effect that the failure was the result of an "honest mistake." An "honest mistake," however, is still a failure to comply, and responsibility for it lies not with counsel's assistant, but rather, squarely at the feet of counsel himself. Such is the role of the professional.

Further, the failure caused consequences to plaintiff in necessitating the filing of the current application, and additionally, the expenditure of judicial resources in considering it. The purpose of the provision in the order requiring counsel to "attempt in good faith to reach an agreement" was to avoid such consequences, as well as to hopefully get counsel back on a cooperative track in resolving

their clients' dispute.  At least the former of those ends was frustrated by counsel's failure to comply.

    Rule 37(b)(2) provides:

>(A)  If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.
>
>\*   \*   \*
>
>(C) Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust.

The rule does not require a showing of knowing or even intentional failures to comply with an order as prerequisites for an award of fees; such failures may be treated as necessary and appropriate with the more punitive orders suggested in Rule 37(b)(A)(i) through (vii).  Rather, the rule is generally remedial, providing only that the opposing party be made whole by awarding the expenses "caused by the failure."  I conclude an award for failing to comply with the court's order to attempt to reach agreement on a fee award made under Rule 37(a) is properly included within the scope of the relief authorized by Rule 37(b)(2)(C).

    The fees charged by plaintiff's counsel for filing the application for fees are again only slightly excessive.  I find part of the 2.00 hours attributed to "LA" for typing the motion, affidavit, and Index of Evidence to be duplicative with the time

spent by "MDS" doing the same thing.[1]  Scanning and e-filing the documents, however, is compensable.  I shall count .5 hours for those tasks.  In all other respects I find the hours documented in the application to be reasonable, as are the hourly rates charged.  Applying this deduction yields an award of $478.75 for the "reasonable expenses . . . caused by the delay."

One further matter must be addressed.  The documentation filed in respect to the application for fees leads to the conclusion that the failure to provide the discovery and the failure to comply with the court's order are both attributable to the acts of counsel, not the client.  I shall, therefore, require payment by counsel.  Because counsel are not technically "parties" before the court, I shall not have the clerk make this award a part of the judgment eventually entered in this case.  Of course, failure to pay the award would reap other consequences; I have every confidence that the award will be promptly paid.

IT THEREFORE HEREBY IS ORDERED:

1.  The motion for attorneys fees, filing no. 43, is granted in part and denied in part.  Plaintiff is awarded the total of $600.00 on the motion to compel and $478.75 on the application for fees, for a total of $1,078.75, and is otherwise denied.

2.  This award shall be paid by defendant's counsel and shall not in any way be charged to the expenses or fees accounts of the client, R-Five, Inc. d/b/a Z-Tex.

---

[1]Nothing before me distinguishes between "drafting" these materials and "typing" them.  I think it is customary currently that counsel do their "drafting" at a computer word processing unit.  Thus "typing" in the sense attributed to "LA" must mean either "retyping" or "printing," both of which would be duplicative.

    3.  Paragraph 2.c. of the court's order of January 14, 2009, filing no. 39, is withdrawn and set aside.

    DATED February 27, 2009.

                         BY THE COURT

                         s/ *David L. Piester*
                         David L. Piester
                         United States Magistrate Judge